UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALIH AGUDA,<br><br>           Plaintiff,<br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>           Defendant. | CASE NO. 2:25-cv-00752-LK<br><br>ORDER DISMISSING COMPLAINT |

This matter comes before the Court sua sponte. On April 29, 2025, United States Magistrate Judge Brian A. Tsuchida granted Plaintiff Alih Aguda's application to proceed *in forma pauperis* but recommended that the complaint be reviewed under 28 U.S.C. § 1915(e)(2)(B) before issuance of summons. Dkt. No. 4 at 1. Having reviewed the complaint, the record, and the applicable law, the Court dismisses Mr. Aguda's complaint for the reasons set forth below.

Federal courts are courts of limited jurisdiction, and they "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This means that the Court can only hear certain types of cases. *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 438 (2019). The typical bases for federal jurisdiction are established

ORDER DISMISSING COMPLAINT - 1

where (1) the complaint presents a federal question "arising under the Constitution, laws, or treaties of the United States" or (2) the parties have diverse citizenship (e.g., residents of different states) and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. Federal courts also have subject matter jurisdiction over certain types of actions against the United States when it has consented to be sued and thus waived its sovereign immunity. *See, e.g.*, 28 U.S.C. § 1346. A waiver of the United States' sovereign immunity must be unequivocally expressed in statutory text. *Lane v. Pena*, 518 U.S. 187, 192 (1996).

The Court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction" over the case. Fed. R. Civ. P. 12(h)(3). In addition, under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss plaintiffs' complaints if their claims (1) are frivolous or malicious, (2) fail to state a claim upon which relief may be granted, or (3) seek monetary relief from a defendant who is immune from such relief. The party asserting jurisdiction has the burden of establishing it. *See United States v. Orr Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010).

Mr. Aguda's handwritten allegations are difficult to decipher, but he appears to allege that he was "[d]enied all rights and freedoms in Nevada, Colorado, . . . California, Maryland, Virginia, and now Washington State with abuses." Dkt. No. 5 at 6. In the relief section of his complaint, he writes, "Please help me reclaim all my Rights and all my Freedoms! All of which I am all possible from S. impossibility to all unlimited legal possibles!! Plus please honor all my past restraining orders, and now restraining orders!" *Id.* at 7. The only named Defendant is the United States. *Id.* at 1–2.

A plaintiff suing the United States must identify an unequivocal waiver of its sovereign immunity, *Blue v. Widnall*, 162 F.3d 541, 544 (9th Cir. 1998), which Mr. Aguda does not, Dkt. No. 5. Nor does he identify a specific statute under which he is suing. *See id.* Mr. Aguda appears to have marked the box on the form complaint indicating that he is suing Federal officials (a *Bivens*

claim). *Id.* at 5; *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). "*Bivens* created a remedy for violations of constitutional rights committed by federal officials acting in their individual capacities," *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007), but it "does not provide a means of cutting through the sovereign immunity of the United States itself," *Arnsberg v. United States*, 757 F.2d 971, 980 (1984). Therefore, the complaint fails to identify a waiver of the United States' sovereign immunity or a basis for the Court's subject matter jurisdiction.

In addition to these deficiencies, the complaint fails to state a claim upon which relief can be granted. A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While pro se pleadings are liberally construed, they "nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). Here, the complaint includes only vague allegations, no facts, which do not even rise to the level of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 556 U.S. at 678.

The Court is mindful that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corrs.*, 66 F.3d 245, 248 (9th Cir. 1995). Because amendment may be possible, the Court grants leave to file an amended complaint. However, this Order limits Mr. Aguda to the filing of an amended complaint that attempts to cure the specific deficiencies identified in this Order. He may not reallege a *Bivens* claim against the United States, which is dismissed with prejudice. *See, e.g.*, *Vasquez v. Washington Dep't of Veterans Affs.*, 746 F. Supp. 3d 1011, 1023 (W.D. Wash. 2024) (finding that "it would be futile to grant leave to amend with respect to [plaintiff's] claims that are barred by sovereign immunity").

For the foregoing reasons, the Court DISMISSES Mr. Aguda's complaint, Dkt. No. 5, with limited leave to amend as described above. Mr. Aguda's amended complaint, should he choose to file one, must be legible, must clearly identify the basis for this Court's subject matter jurisdiction, and must provide a short and plain statement of the factual basis of his claim as required by Federal Rule of Civil Procedure 8. A timely filed amended complaint operates as a complete substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). For that reason, any amended complaint must clearly identify the defendant, the claim asserted, the specific facts that Mr. Aguda believes support the claim, and the specific relief requested. If Mr. Aguda does not file a proper amended complaint by May 27, 2025, the Court will dismiss this action and close this case.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to Mr. Aguda at his last known address.

Dated this 6th day of May, 2025.

*Lauren King*
Lauren King
United States District Judge