UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALIH AGUDA,<br><br>                     Plaintiff,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>                     Defendant. | CASE NO. 2:25-cv-00752-LK<br><br>ORDER DENYING MOTION FOR RESTRAINING ORDER AND DISMISSING AMENDED COMPLAINT |

  This matter comes before the Court on Plaintiff Alih Aguda's "Restraining Order Request" in which he seeks an "immediate restraining order on all [his] rights, [his] freedoms, and [his] independence as a citizen of the USA." Dkt. No. 8 at 1. The motion is comprised of this one sentence and includes no additional detail. *Id.*

  On May 6, 2025, the Court dismissed Mr. Aguda's complaint because it failed to establish a basis for this Court's subject matter jurisdiction, establish a waiver of the United States' sovereign immunity, or state a claim. *See generally* Dkt. No. 6. The order granted Mr. Aguda leave

to amend, *id.* at 4, and on May 7, 2025, Mr. Aguda filed an amended complaint, Dkt. No. 7, and this motion, Dkt. No. 8.

The amended complaint still does not state a basis for this Court's subject matter jurisdiction. Nor does it identify a waiver of sovereign immunity by the United States, which is the only defendant, or state a claim upon which relief can be granted. Because Mr. Aguda's amended complaint is deficient, he is not entitled to injunctive relief. *See, e.g.*, *Padayachi v. Indymac Bank*, No. C09-5545-JF, 2010 WL 1460309, at *7 (N.D. Cal. Apr. 9, 2010). Nor has he satisfied any of the elements necessary to obtain preliminary injunctive relief. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

These deficiencies also necessitate the dismissal of the amended complaint for the same reasons set forth in the Court's prior order. Dkt. No. 6 at 1–3; *see also* Fed. R. Civ. P. 12(h)(3) (the Court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction" over the case). The Court is mindful that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corrs.*, 66 F.3d 245, 248 (9th Cir. 1995). Because amendment may be possible, the Court grants leave to file a second amended complaint. However, this Order limits Mr. Aguda to the filing of an amended complaint that attempts to cure the specific deficiencies identified in this order and the Court's prior order, Dkt. No. 6.

For the foregoing reasons, the Court DENIES Mr. Aguda's Restraining Order Request, Dkt. No. 8, and DISMISSES Mr. Aguda's amended complaint, Dkt. No. 7, with limited leave to amend as described above and in the Court's prior order, Dkt. No. 6. Mr. Aguda's second amended complaint, should he choose to file one, must be legible, must clearly identify the basis for this Court's subject matter jurisdiction, and must provide a short and plain statement of the factual

basis of his claim as required by Federal Rule of Civil Procedure 8. A timely filed amended complaint operates as a complete substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). For that reason, any amended complaint must clearly identify the defendant, the claim asserted, the specific facts that Mr. Aguda believes support the claim, and the specific relief requested. If Mr. Aguda does not file a proper second amended complaint by June 2, 2025, the Court will dismiss this action and close this case.

The Clerk is directed to send uncertified copies of this Order to Mr. Aguda at his last known address.

Dated this 8th day of May, 2025.

Lauren King
United States District Judge

ORDER DENYING MOTION FOR RESTRAINING ORDER AND DISMISSING AMENDED COMPLAINT - 3