UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALIH AGUDA,<br><br>                    Plaintiff,<br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>                    Defendant. | CASE NO. 2:25-cv-00752-LK<br><br>ORDER GRANTING EXTENSION OF TIME TO FILE AMENDED COMPLAINT; DENYING REQUEST TO APPOINT COUNSEL |

This matter comes before the Court on Plaintiff Alih Aguda's "request" for an attorney and for the Court to "postpone" the deadline to file his second amended complaint. Dkt. No. 11 at 1, 3. Although the filing is not styled as a motion, the Court construes these pro se requests as a motion to have counsel appointed and for an extension of the June 2, 2025 deadline to file a second amended complaint.

## I. BACKGROUND

On May 6, 2025, the Court dismissed Mr. Aguda's complaint because it failed to establish a basis for this Court's subject matter jurisdiction, establish a waiver of the United States'

sovereign immunity, or state a claim. *See generally* Dkt. No. 6. The order granted Mr. Aguda leave to amend, *id.* at 4, and he filed an amended complaint, Dkt. No. 7, and a motion for a restraining order, Dkt. No. 8. The Court dismissed the amended complaint because it suffered from the same deficiencies as the first complaint. Dkt. No. 9 at 2. The Court ordered that Mr. Aguda file a second amended complaint by June 2, 2025; otherwise the Court would dismiss this action. *Id.* at 3.

On May 30, 2025, Mr. Aguda filed a request "to postpone his second amended complaint for two powerful reasons[.]" Dkt. No. 11 at 1. First, he claims that the Government misled him into filing pro se "through non-traditional communication media" and by various promises to restore his property and end violence of unspecified origin against him. *Id.* at 2–3. Second, he contends that he needs an attorney "because this case is too complex for pro se filing." *Id.* at 3.

## II.    DISCUSSION

"When an act may or must be done within a specified time, the court may" extend the time "for good cause[.]" Fed. R. Civ. P. 6(b)(1). "This rule, like all the Federal Rules of Civil Procedure, is to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010) (citation modified). "Consequently, requests for extensions of time made before the applicable deadline has passed should 'normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'" *Id.* at 1259 (quoting 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (3d ed. 2004)). Here, there is no evidence of bad faith or prejudice to the Government, which has not yet appeared. In light of these factors and Mr. Aguda's pro se status, the Court grants him a 30-day extension of time to file his second amended complaint.[1]

---

[1] Mr. Aguda's filing does not specify the length of the extension he seeks, but a 30-day extension should suffice.

ORDER GRANTING EXTENSION OF TIME TO FILE AMENDED COMPLAINT; DENYING REQUEST TO APPOINT COUNSEL - 2

Mr. Aguda also states that he "need[s] to have an attorney" because "this case is too complex for pro se filing." Dkt. No. 11 at 3. The Court construes these statements as a request to have counsel appointed.[2] There is "no constitutional right to counsel in a civil case." *Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, 994 F.3d 1032, 1038–39 (9th Cir. 2021) (internal citation omitted). However, in "exceptional circumstances," the Court may seek to appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *see also* Dkt. No. 4 (order granting Mr. Aguda's motion to proceed *in forma pauperis*). Courts must evaluate (1) "the likelihood of success on the merits" and (2) "the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Wilborn*, 789 F.2d at 1331. Here, the Court cannot weigh the merits of Mr. Aguda's claims on the undeveloped record and when Mr. Aguda has not yet stated a claim. *See, e.g.*, *Sam v. Renton Sch. Dist.*, No. C21-1363-RSM, 2021 WL 4952187, at *1 (W.D. Wash. Oct. 25, 2021) ("The Court cannot conclude on this thin record whether these claims have a strong likelihood of success on the merits."). Mr. Aguda has not otherwise provided any compelling arguments or evidence that this case is likely to succeed on the merits. Because he has not yet stated a claim, the Court cannot evaluate the complexity of the legal issues involved or conclude that they are so complicated that Mr. Aguda will not be able to articulate his claims pro se. In addition, Mr. Aguda does not identify any efforts he has made to obtain counsel on his own. Accordingly, Mr. Aguda has not shown that he is entitled to the appointment of counsel at this time, and the Court denies this request.

---

[2] Mr. Aguda also requests that the Court "ask the government to ease control on Plaintiff['s] ability to hire a civil right [sic] attorney." *Id.* at 5. Mr. Aguda has not shown that the Government is restricting his ability to hire an attorney, or that he is entitled to that relief.

ORDER GRANTING EXTENSION OF TIME TO FILE AMENDED COMPLAINT; DENYING REQUEST TO APPOINT COUNSEL - 3

Finally, the Court reminds Mr. Aguda that "pro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants," *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022), and he is required to comply with all Court rules, including the requirement to file a motion if he seeks relief from the Court. *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."); *see also* LCR 7 (procedural requirements for a motion). Further filings that do not comply with Court rules may be disregarded or stricken.

### III.  CONCLUSION

For the foregoing reasons, the Court DENIES Mr. Aguda's request to have counsel appointed, GRANTS his request for an extension of time to file a second amended complaint, Dkt. No. 11, and extends the deadline to file a second amended complaint to July 2, 2025. If Mr. Aguda does not file a proper second amended complaint by that date, the Court will dismiss this action and close this case.

Dated this 10th day of June, 2025.

*[signature]*

Lauren King
United States District Judge