|  |  |
|---|---|
| ALIH AGUDA, | CASE NO. 2:25-cv-00752-LK |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION; GRANTING MOTION FOR EXTENSION TO FILE AMENDED COMPLAINT |
| v. |  |
| UNITED STATES OF AMERICA, |  |
| Defendant. |  |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

This matter comes before the Court on Plaintiff Alih Aguda's motion, Dkt. No. 14, which appears to seek both an extension of time to file his second amended complaint and reconsideration of this Court's prior order denying his motion for appointment of counsel. For the reasons set forth below, the Court denies the request for reconsideration, grants the request for an extension, and gives Mr. Aguda one last chance to file a proper complaint.

I. BACKGROUND

On May 6, 2025, the Court dismissed Mr. Aguda's complaint because it failed to establish a basis for this Court's subject matter jurisdiction, establish a waiver of the United States'

1  sovereign immunity, or state a claim. *See generally* Dkt. No. 6. The order granted Mr. Aguda leave
2  to amend, *id.* at 4, and on May 7, 2025, Mr. Aguda filed an amended complaint, Dkt. No. 7, which
3  the Court dismissed, Dkt. No. 9, for the same reasons it dismissed his original complaint. The
4  Court granted Mr. Aguda leave to file a second amended complaint by June 2, 2025. *Id.* at 2–3.

5      Mr. Aguda then filed a "request" for an attorney and a "postpone[ment]" of the Court-
6  imposed deadline to file his second amended complaint. Dkt. No. 11 at 1, 3. The Court denied Mr.
7  Aguda's request to have counsel appointed, granted his request for an extension, and extended his
8  deadline to file a second amended complaint to July 2, 2025. Dkt. No. 13 at 4. On July 9, 2024,
9  Mr. Aguda filed this motion. Dkt. No. 14.[1] While this motion was pending, he filed a second,
10 duplicative motion for an extension that was "RE-WRITTEN for Clarity and Ease of Reading."
11 Dkt. No. 16 at 1.

12       **II.   DISCUSSION**

13 **A.   The Court Denies the Motion for Reconsideration**

14     Mr. Aguda captions his July 9 motion as a filing "Regarding Order Granting Extension of
15 Time To File Amended Complaint Denying Request to Appoint Counsel" and states that he
16 "cannot proceed as pro se[.]" Dkt. No. 14 at 1, 12. The Court thus construes his filing as a motion
17 for reconsideration of the Court's prior order denying his request for appointment of counsel. Dkt.
18 No. 13.

19     "Motions for reconsideration are disfavored," and the Court "will ordinarily deny such
20 motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts
21 or legal authority which could not have been brought to its attention earlier with reasonable

---

[1] Although the motion contains pages of substantive allegations, Mr. Aguda states that his motion "is NOT for the fulfillment of the Second Amendment [sic] Complaint." *Id.* at 12. Thus, the Court does not construe this motion as his second amended complaint.

ORDER DENYING MOTION FOR RECONSIDERATION; GRANTING MOTION FOR EXTENSION TO FILE AMENDED COMPLAINT - 2

diligence." LCR 7(h)(1). A movant who seeks reconsideration "shall point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling." LCR 7(h)(2).

The Court denies the motion for reconsideration because it was filed too late, nearly a month after the Order to which it relates. *See* Dkt. Nos. 13, 14; *see also* LCR 7(h)(2) (a motion for reconsideration "shall be filed within fourteen days after the order to which it relates is filed"). In addition, the motion fails to set forth any legal error or other basis for reconsideration.

**B.     The Court Grants One Final Extension to File a Second Amended Complaint**

Mr. Aguda states, "It's important [] for me to hire an attorney before I can proceed with my civil lawsuit against the government. . . . I look forward to resuming my case with a litigation civil rights attorney who would present my complaint properly and relief clearly." Dkt. No. 14 at 15. The Court construes these statements as a request for more time to file a second amended complaint while Mr. Aguda seeks to hire counsel.

Because Mr. Aguda filed his request for an extension after his deadline to file a second amended complaint elapsed, he must show excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B). "Excusable neglect 'encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence' . . . and includes 'omissions caused by carelessness[.]'" *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 388, 394 (1993)). To determine when neglect is excusable, courts examine "at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Id.* (quoting *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000)).

Mr. Aguda has not demonstrated excusable neglect because he does not explain why he missed the July 2 deadline or show that he has engaged in diligent efforts to secure counsel. However, at this point, there is no danger of prejudice to the Government, who has not yet appeared. Nor is there evidence of bad faith.

Mr. Aguda does not specify the duration of the extension he requests. An indefinite extension is not reasonable, and given that this case has been pending since April 2025, an additional 21 days should suffice. Accordingly, in light of Mr. Aguda's pro se status, the Court will give him one final opportunity to file a proper second amended complaint.

### III.  CONCLUSION

For the foregoing reasons, the Court DENIES Mr. Aguda's request for reconsideration, GRANTS his request for an extension of time to file a second amended complaint, Dkt. No. 14, DENIES his second motion for an extension as moot, Dkt. No. 16, and extends the deadline to file a second amended complaint. Mr. Aguda must file a proper second amended complaint no later than 21 days from the date of this Order. If he fails to do so, the Court will dismiss this action and close this case.

Dated this 8th day of August, 2025.

Lauren King
United States District Judge