UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALIH AGUDA,<br><br>                    Plaintiff,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>                    Defendant. | CASE NO. 2:25-cv-00752-LK<br><br>ORDER OF DISMISSAL |

This matter comes before the Court sua sponte. The Court previously dismissed Plaintiff Alih Aguda's complaint and amended complaint as deficient, twice granted him leave to file an amended complaint, and twice granted him extensions to file a viable complaint. Despite these opportunities, Mr. Aguda's second amended complaint fails to correct the previously identified deficiencies. Therefore, for the reasons set forth below, the Court dismisses this case and denies Mr. Aguda's pending third motion for emergency relief as moot.

On May 6, 2025, the Court dismissed Mr. Aguda's complaint because it failed to establish a basis for this Court's subject matter jurisdiction, establish a waiver of the United States' sovereign immunity, or state a claim. *See generally* Dkt. No. 6. The order granted Mr. Aguda leave

ORDER OF DISMISSAL - 1

to amend, *id.* at 4, and on May 7, 2025, he filed an amended complaint, Dkt. No. 7. The Court dismissed the amended complaint because it suffered from the same problems as the original complaint, but granted Mr. Aguda leave to file a second amended complaint. Dkt. No. 9 at 2–3. The Court warned Mr. Aguda that if he did not file a proper second amended complaint by June 2, 2025, the Court would dismiss this action. *Id.* at 3.

On June 10, 2025, the Court granted Mr. Aguda's motion for an extension of time to file his second amended complaint, Dkt. No. 11, and extended his deadline to July 2, 2025, Dkt. No. 13 at 4. Two more requests for extensions followed, Dkt. Nos. 14, 16, and the Court granted Mr. Aguda "one final extension" on August 8, 2025, Dkt. No. 18 at 3 (capitalization removed). The Court ordered Mr. Aguda to file a second amended complaint within 21 days; otherwise, the Court would dismiss this action. *Id.* at 4.

On August 28, 2025, Mr. Aguda filed what appears to be another motion for an extension; however, the filing also states that his second amended complaint is attached to the motion. Dkt. No. 22 at 1 ("The attachment to this motion fulfills the Court's 21 day Court Order, [Dkt. No.] 18, as [he] continue[s] to search for a Civil Right Attorney."); *see also id.* at 5–24 (attachment labeled "Summary of Complaints").

The Court denies Mr. Aguda's request for another extension because he does not demonstrate good cause—or set forth any explanation—for requesting another extension. *See generally* Dkt. No. 22. Moreover, it does not appear that Mr. Aguda is actually seeking an extension because he has filed what he characterizes as a second amended complaint. Dkt. No. 22 at 5–24. Like the prior two versions of his complaint, Mr. Aguda's second amended complaint still fails to establish a basis for this Court's subject matter jurisdiction, establish a waiver of the United States' sovereign immunity, or state a claim. *See id.* Further leave to amend may be denied due to "repeated failure to cure deficiencies by amendments previously allowed[.]" *Foman v. Davis*, 371

ORDER OF DISMISSAL - 2

U.S. 178, 182 (1962). In addition, Mr. Aguda has not explained what further amendments he would make if given the chance. *See, e.g.*, *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051–52 (9th Cir. 2008) (concluding that amendment would be futile where plaintiffs already filed an amended complaint containing the same defects as their original complaint and failed to state what additional facts they would plead if given leave to amend).

Accordingly, the Court DISMISSES this case without prejudice, and DENIES Mr. Aguda's third motion for emergency relief, Dkt. No. 24, as moot.

Dated this 8th day of September, 2025.

Lauren King
United States District Judge

ORDER OF DISMISSAL - 3